Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 13 C 2383 | DATE | 4-15-13 |
| CASE TITLE | Joseph E. Tillman (R-40962) v. John Edwards, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $8.00 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Menard Correctional Center. Plaintiff may proceed with his complaint against, and the clerk shall issue summonses for, Stateville Correctional Center Warden of Programs Edwards, Nurse Garcia, and Mindi Pierce. Plaintiff may not proceed against the unknown Stateville doctor until his identity is known. Menard Warden Atchison and Medical Director Shearing are dismissed as Defendants. Plaintiff's motion for the assistance of counsel [4] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, Joseph Tillman, an inmate at the Menard Correctional Center, has filed this 42 U.S.C. § 1983 action about events that occurred at Stateville Correctional Center in 2011, as well as events that occurred at Menard in 2012 and 2013. Plaintiff states that he broke his wrist on June 29, 2011, while incarcerated at Stateville. Allegedly, Stateville's medical director (referred to as John Doe) instructed that Plaintiff be taken to an outside hospital, but Director of Programs Edwards, in order to save costs, directed that Plaintiff not be sent at that time. Plaintiff returned to the medical director who proceeded to place a temporary cast on the arm and wrist. Nurse Garcia assisted. Though Plaintiff refused pain medication at that time, he later requested it when experiencing severe pain. Nurse Garcia allegedly provided inadequate care in response to Plaintiff's requests. Later in 2011, when Plaintiff filed grievances about inadequate medical treatment, Counselor Mindi Pierce allegedly retaliated against Plaintiff and either directed or allowed disciplinary action be taken against him. Plaintiff was then transferred to Menard, where he also allegedly received inadequate medical care in 2012 and 2013.

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"), as well as the assistance of counsel.

The Court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $8.00. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

| STATEMENT |
|---|

The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff has stated colorable claims against the Stateville Defendants: Nurse Garcia, Warden of Programs Director Edwards, and Counselor Mindi Pierce. See *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Arnett v. Webster*, 658 F.3d 742, 753-54 (7th Cir. 2011) (both cases addressing the standard for claims of deliberate indifference to a serious medical need); *see also McElroy v. Lopac*, 403 F.3d 855, 858-59 (7th Cir. 2005) (addressing the elements of a retaliation claim). Accordingly, Defendants Garcia, Edwards, and Pierce must respond to the complaint, and the clerk shall issue summonses for these Defendants.

The claims against the Menard Defendants, however, involve separate incidents of deliberate indifference to a medical need. These claims and Defendants are dismissed. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). If Plaintiff wants to pursue these claims, he must do so in either the state court or federal court in the district where such claims arose.

The clerk shall issue summons for service of the complaint on Stateville Correctional Center Nurse Garcia, Director of Programs Edwards, and Counselor Mindi Pierce. The U.S. Marshals Service is appointed these Defendants. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Stateville officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to send a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

With respect to Stateville's Medical Director referred to as John Doe, he cannot be served and Plaintiff may not proceed against him until his identity is known. Once an attorney enters an appearance for the named Defendants, Plaintiff may forward discovery (written questions) seeking the identity of the unknown party. Plaintiff's failure to conduct discovery within 90 days of the date an attorney enters an appearance may result in the dismissal of any unknown party for failure to prosecute. Plaintiff is further advised that there is a two-year limitations period for § 1983 claims in Illinois and that failure to identify unknown parties during the limitations period will result in claims against those parties being time-barred. See *Gonzalez v. Entress*, 133 F.3d 551, 552 (7th Cir. 1998).

Plaintiff's motion for the appointment of counsel is denied without prejudice. Currently, neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. See *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. Plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded or returned.